IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID P. MITCHELL,

   Plaintiff,

                                 CASE NO.:

-vs-

                               **JURY TRIAL DEMANDED**

MEDICREDIT, INC.,
Aforeign corporation,

   Defendant.

_____/

## COMPLAINT

The Plaintiff, DAVID P. MITCHELL, sues the Defendant,MEDICREDIT, INC., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant MEDICREDIT, INC., (hereafter "MEDICREDIT'), in violation of 47 U.S.C. § 227, *et seq*., the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act, (hereafter "FDCPA"),and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3.     The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.      Plaintiff,DAVID MITCHELL, is and was at all material times a natural person over the age of eighteen (18), who resides in Tampa, Hillsborough County, Florida.

5.      Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number,(813) 454-2819,as further described herein. SeeIn re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order"); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014)

6.      Defendant,MEDICREDIT, INC. (hereafter "MEDICREDIT")is and was at all material times a foreign corporationauthorized to conduct business and conducting business in the state of Florida, with its principal place of business located in Columbia, Missouri.

7.      Defendant MEDICREDIT is and was at all material times licensed in the state of Florida as a "Consumer Collection Agency," and operated at all material times as a third-party debt collector, in which capacity it attempts to collect medical debts allegedly owed to anotherfrom individuals located in the state of Florida, and solicits consumer debt accounts for collection from creditors who have a business presence in this state.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C.§ 1692a(6).

## FACTUAL ALLEGATIONS

9.     At all material times Defendant MEDICREDIT sought to collect an alleged medical debt from Plaintiff DAVID MITCHELL that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes, and 15 U.S.C. § 1692a(5).

10.     Prior to the conduct at issue in this action, the creditor on behalf of which MEDICREDIT purportedly sought to collect the alleged debt at issue, Memorial Hospital of Tampa (hereafter "Memorial"), waived any amount owed by Plaintiff and no debt was owed by Plaintiff at any time material hereto.

11.     Despite the fact that Plaintiff owed no debt to Memorial,Defendant began placing automated calls to Plaintiff's aforementioned cellular telephone number which transmitted a pre-recorded message stating as follows:

> Hello, we are calling from MEDICREDIT on behalf of Memorial Hospital of Tampa. Please return our call at 800-823-2318, Monday through Friday during normal business hours. Thank you.

12.     On or about October 14, 2014, Plaintiff answered a call fromDefendantMEDICREDITand informed Defendant's representative that the debt it was seeking to collect was not owed, that the creditor on behalf of which Defendant was calling had expressly waived anyand all balances allegedly owed, and demanded that Defendant cease placing additional calls to Plaintiff's cellular telephone number, (813)454-2819.

13.     Despite Plaintiff's unambiguous instructions to Defendant that the debt it was seeking to collect was not owed, andhis demand that Defendant cease placing calls to his aforementioned cellular telephone number, Defendant MEDICREDITcontinued initiating calls to

Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions.

14.     Defendant MEDICREDIT intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

15.     To date, Plaintiff has received approximately one hundred fifty (150) calls on his aforementioned cellular telephone number from Defendant MEDICREDIT.

16.     Despite Plaintiff demanding that Defendant MEDICREDITstop placing calls to his aforementioned cellular telephone number, Defendant MEDICREDIT, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and FCCPA, as described herein.

17.     The telephone calls at issue were placed by Defendant MEDICREDITusing an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer"). Upon information and belief, the calls were placed utilizing the LiveVox dialing system, which operated at all material times as a "predictive dialer."

18.     Defendant MEDICREDIT initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19.     Furthermore, Defendant MEDICREDIT initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided, or that Defendant mistakenly believed it had.

20.     Additionally, none of the telephone calls at issue were placed by Defendant MEDICREDIT to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

21.     Defendant MEDICREDIT consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

22.     Defendant MEDICREDIT has a corporate policy of using an automatic telephone dialing system and/or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

23.     Defendant MEDICREDIT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

24.     Despite actual knowledge of its wrongdoing, Defendant MEDICREDIT continued the campaign of harassment and abuse.

25.     Defendant MEDICREDIT'S corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

26.     Defendant MEDICREDIT'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

27.     Defendant MEDICREDIT followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

28.     Defendant MEDICREDIT has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

29.     Defendant MEDICREDIT has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

30.     All conditions precedent to the filing of this action have occurred, or have otherwise been waived.

**COUNT I**

**<u>VIOLATION OF THE TCPA AGAINST MEDICREDIT</u>**

31.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

32.     None of the calls at issue were placed by Defendant MEDICREDIT to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33.     Furthermore, Plaintiff revoked any "prior express consent" Defendant MEDICREDIT had or mistakenly believed it had by instructing Defendant that he did not owe the debt Defendant was calling to collect, that the creditor on behalf of which MEDICREDIT was calling had specifically waived any and all balances allegedly owed, and to cease placing calls to his cellular telephone number.

6

34.     Additionally, none of the calls at issue were placed by Defendant MEDICREDIT to Plaintiff'saforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

35.     Defendant MEDICREDIT willfully and/or knowingly violated the TCPA with respect to Plaintiff DAVID MITCHELL by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff informed Defendant that he did not owe the alleged debt Defendant was calling to collect, and instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

36.     The TCPA provides Plaintiff with a private right of action against Defendant MEDICREDIT for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff DAVID MITCHELL respectfully demands judgment against Defendant MEDICREDIT for statutory damages, actual damages, costs, interest, and for such other relief as this Court deems just and proper.

## COUNT II
## <u>VIOLATION OF THE FDCPA AGAINST MEDICREDIT</u>

37.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

38.     Plaintiff has been the object of collection activity by Defendant MEDICREDIT arising from an alleged consumer debt.

39.     Defendant MEDICREDIT is a "debt collector" as defined by the FDCPA.

40.     Defendant MEDICREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

41.     Defendant MEDICREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

42.     Defendant MEDICREDIT engaged in an act or omission prohibited under15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt at issue.

43.     Defendant MEDICREDIT engaged in an act or omission prohibited under15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

44.     Defendant MEDICREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff'svoice mail answered the call,in such a way as to fail to disclose that the communication was from a debt collector, and by leaving prerecorded messages that failed to disclose that the communication was from a debt collector.

45.     DefendantMEDICREDIT'sacts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages, attorney

fees, interest and costs.

WHEREFORE, Plaintiff DAVID MITCHELL respectfully demands judgment against Defendant MEDICREDIT for statutory damages, actual damages, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA AGAINST MEDICREDIT

46.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

47.     At all times material to this action Defendant MEDICREDIT was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

48.     Defendant MEDICREDIT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

49.     Defendant MEDICREDIT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

50.     Defendant MEDICREDIT engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

51.     The actions of Defendant MEDICREDIThave directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida

Statutes, including, but not limited to: statutory damages, actual damages, attorneys' fees, interest and costs.

WHEREFORE, Plaintiff DAVID MITCHELL respectfully demands judgment against Defendant MEDICREDIT for statutory damages, actual damages, punitive damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*s/Jeffrey "Jack" Gordon*
JEFFREY "JACK" GORDON, ESQUIRE
Florida Bar No: 836760
Maney|Gordon, P.A.
101 E. Kennedy Blvd. Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
j.gordon@ManeyGordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff